FILED
SUPERIOR COURT
OF GUAM

2012 JUL -9 PM 3: 17

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CM0014-10** |
| | ) |
| | ) |
| | ) |
| **vs.** | ) **DECISION AND ORDER** |
| | ) (Motion to Dismiss Under **People v.** |
| | ) **Rasauo**) |
| | ) |
| | ) |
| | ) |
| **NUNTER E. LUDWIG,** | ) |
| **DOB: 12/20/1962** | ) |
| | ) |
| **Defendant.** | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 11, 2012, for a hearing on Nunter E. Ludwig's ("Defendant") Motion to Dismiss Under People v. Rasauo. Assistant Public Defender Pablo M. Aglubat represented Defendant. Assistant Attorney General James C. Collins appeared on behalf of the People of Guam ("the People"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

### BACKGROUND

A Complaint was filed in the above-captioned case on January 6, 2010, charging Defendant with (1) Retail Theft (As a Petty Misdemeanor) (2 Counts) and (2) Public Drunkenness (As a Violation). Complaint (January 6, 2010). Defendant was notified to appear in Court on February 3, 2010 at 9 a.m. Citation and Notice to Appear (January 6, 2010). On

February 3, 2009, Defendant failed to appear for an arraignment hearing as ordered on the Citation and Notice to Appear filed January 6, 2010. Super. Ct. of Guam Minute Entry Log No. 114407 (January 6, 2010). On February 18, 2010, The Honorable Alberto C. Lamorena, III issued and ordered a Bench Warrant commanding the arrest of Defendant by any Peace Officer for failure to appear for an arraignment hearing with bail affixed at $1000. Bench Warrant (February 18, 2010). On February 8, 2011, Defendant appeared with counsel at a criminal trial setting on a separate case, in which The Honorable Vernon P. Perez notified the defendant of the bench warrant. The Honorable Vernon P. Perez proceeded to vacate the bench warrant, set the arraignment hearing for the next day, and continue the trial setting to February 18, 2011.

On February 9, 2011, Defendant was appointed Public Defender Services Corporation to serve as his counsel and released him on a $500 personal recognizance bond. Notice of Court Appointment (Filed February 9, 2011) and Order of Conditional Release and Appearance Bond (Filed February 9, 2011). Later that day, Defendant appeared with counsel and was arraigned. He plead not guilty and requested a jury trial. Defendant also waived his right to a speedy trial pursuant to 8 G.C.A. § 80.60 and the 6th Amendment. Super. Ct. of Guam Minute Entry Log No. 102848 (February 9, 2011) and Def's Assertion or Waiver of Speedy Trial (February 9, 2011). Defendant was present at all Court hearings thereafter, except for a Trial Setting on February 18, 2011 and April 16, 2012.

Defendant filed a Motion to Dismiss under People v. Rasauo on April 16, 2012. Def's Notice of Motion & Motion to Dismiss under People v. Rasauo (April 16, 2012). The People opposed Defendant's Motion to Dismiss. People's Opposition to Motion to Dismiss (April 24, 2012).

The Court heard Defendant's Motion to Dismiss under People v. Rasauo on June 11, 2012, and now issues this Decision.

## DISCUSSION

Defendant argues that the Complaint be dismissed pursuant to People v. Rasauo, 2011 Guam 14. Defendant states that a Complaint was filed against him on January 6, 2010, and that he was not arraigned until February 9, 2011, a total of three hundred ninety nine (399) days after the filing of the Complaint. Defendant also cites that the record does not indicate the reason for such delay beyond the sixty day rule created by the decision in People v. Rasauo, 2011 Guam 14. Def's Notice of Motion and Motion to Dismiss Under People v. Rasuao (April 26, 2012).

The People oppose this motion arguing that good cause is shown for the delay in Defendant's arraignment and that Defendant "does not provide any argument as to why he believes good cause does or does not exist in this case." People's Opposition to Motion to Dismiss at 2 (April 24, 2012).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See People v. Rasauo, 2011 Guam 14 ¶ 14. This Court notes that Rasauo II articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." Rasauo II ¶ 14. The holding in Rasauo II is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. Rasauo II ¶ 14.

In the instant case, Defendant was cited on February 9, 2009 and given a notice to appear ("NTA") with a date of February 3, 2010. On January 6, 2010, the Complaint was filed,

but no summons was issued. On February 3, 2010, Magistrate Court recommended a bench warrant be issued, due to the Defendant not appearing at the noticed hearing. A Bench Warrant was issued on February 17, 2010. Defendant appeared with counsel on February 8, 2011 for a trial setting in a separate case, at which time the Defendant was notified by The Honorable Judge Vernon P. Perez of his outstanding warrant. Defendant was arraigned the next day on February 9, 2011, after three hundred ninety nine (399) days had passed from the filing of the Complaint.

The time between the Complaint on January 6, 2010 and Defendant's arraignment on February 8, 2011 was three hundred ninety-nine (399) days. The Court notes that there is no good cause for the delay between the filing of the Complaint and the NTA date twenty-eight (28) days later. This issue is muted since the amount of delay does not violate the 60 day rule announced in Rasauo II.

The Court finds that any delay caused by a Defendant's failure to appear at an arraignment that has been properly noticed is good cause. The delay from January 6, 2010 (when the complaint was filed) to February 3, 2010 (NTA date) was twenty-eight (28) days and within the 60 day rule announced in Rasauo II. The delay from February 3, 2010 (NTA date) to February 8, 2011 (Defendant's first appearance in the warrant hearing) was three hundred seventy days (370) and ultimately attributed by Defendant's lack of communication with the criminal justice system. Therefore, the delay of arraignment caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. People v. Flores, 2009 Guam 22 ¶ 32 (citing People v. Johnson, 606 P.2d 738, 746 (Cal.1980)).

///

For these reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

**SO ORDERED** this ___ day of July, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full, true and correct copy of the
original, on file in the office of the
clerk of the Superior Court of Guam.

JUL 09 2012

Edna M. Nego
Deputy Clerk, Superior Court of Guam

People of Guam v. Nunter E. Ludwig (CM0014-10)     Page 5 of 5
Decision and Order – Motion to Dismiss Under People v. Rasauo